Argued and submitted February 14, affirmed on appeal, remanded on cross-appeal
May 21, 1986

# CLARK,
*Respondent - Cross-appellant,*

*v.*

# FELDMAN et al,
*Appellants - Cross-respondents.*

(27208; CA A32011)

719 P2d 909

D. Wesley Hamilton, Salem, argued the cause and filed the briefs for appellants - cross-respondents.

T. Leonard O'Byrne, Portland, argued the cause for respondent - cross-appellant. With him on the briefs were Gary V. Abbott and Hallmark, Griffith & Keating, P.C., Portland.

Before Joseph, Chief Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

Defendants[1] appeal from a judgment in this action for the dissolution of a partnership and an accounting. Plaintiff cross-appeals. On *de novo* review, we affirm on the appeal and reverse and remand on the cross-appeal.

Plaintiff is a forester by profession. He has worked in that field for over 30 years, with much of that time devoted to Christmas trees. In 1976, plaintiff's employer sold its Christmas tree plantation, and he decided to enter the Christmas tree business as a side line. He knew defendants and suggested to them that he and they form a partnership for the growing and harvesting of Christmas trees. In November, 1976, they entered into an oral partnership agreement, which is simple and undisputed. Plaintiff acquired a one-third interest for management and expertise, and defendants acquired a one-third interest for labor. The remaining one-third was distributed in proportion to the amount of financing each party would provide, including the rental value of the land planted to trees. In January, 1978, the parties signed a written partnership agreement, which provided that the one-third interest allocated for financing would be divided between plaintiff and defendants "based on the total amount of their respective contributions and the total length of time such investments have been made * * *."

In 1977, 12 acres of defendants' farm were planted with noble fir. The next year, ten more acres of the farm were planted with grand fir and noble fir. At about the same time, 11 acres of plaintiff's land was planted with noble fir. Plaintiff provided almost all of the financing, and defendants and their children did most of the planting. On December 29, 1978, defendant Robert Feldman dissolved the partnership by telling plaintiff that the partnership was over. He explained that he was dissatisfied with plaintiff's management, and he believed that plaintiff had been unfair on a side deal on Christmas trees with plaintiff's employer. After the dissolution, defendants excluded plaintiff from the plantations on their land until various court orders required defendants to recognize plaintiff's partnership interest.

---

[1]Defendants are husband and wife. Although each was nominally a partner, they were treated and acted as one unit. We will therefore refer to them collectively as one partner, and to plaintiff as the other partner.

Plaintiff brought this action in April, 1980, and the parties were in and out of court until May, 1984, when the judgment appealed from was entered. The judgment awarded 23 acres of trees to plaintiff and 10 acres of trees to defendants, approved a final partnership accounting and awarded plaintiff a money judgment for a small balance due him. Any further discussion of the details of the unedifying history of this litigation would have no redeeming social value; suffice it to say that the parties managed to damage their investment by their inability to cooperate.

■ Defendants' first assignment of error attacks the trial court's division of the one-third financial interest in the partnership. The court held that the agreement provided a "dollar day" formula, whereby each party received one credit for each day he had a dollar invested. Thus, a partner who contributed $10 on January 1 would receive 3650 credits for the year, while one who invested $10 on July 1 would receive 1840 credits. A partner's percentage of the one-third interest is determined by dividing that partner's credits by the total credits of all partners. The formula is a proper application of the partnership agreement and is not inherently inequitable. In this case, it produces a result similar to what would be achieved by simply adding each partner's contributions and dividing that figure by the total contributions of both partners. Defendants' arguments to the contrary arise from a failure to understand the formula.[2]

■ Defendants' other assignments of error relate to the final partnership accounting which the trial court approved. The court correctly credited plaintiff with various small expenses, despite a provision of the partnership agreement that each party would not charge for incidental expenses. Although the amounts in question are low, the expenses were not "incidental" as the agreement used that term. The court also properly refused to allow defendants credit for expenses they incurred in 1983 on two fields. The expenses on one field were incurred after the court specifically enjoined defendants from incurring expenses and made plaintiff the sole manager of the partnership. The expenses on the other field were

---

[2] Defendants also assert that they should receive credit for investments made after they dissolved the partnership. Defendants are incorrect. Their ownership interest must be determined as of the time of the dissolution.

incurred by Lindsay, to whom defendants improperly sold partnership trees without notice to plaintiff. Not only was the court justified in denying those expenses, it also properly charged defendants with interest on the $42,000 which they had received from Lindsay for the trees.[3]

■ The court did not err in determining the amount of expert witness fees or in charging half of the fees to each partner. It substantially reduced Lindsay's fee for an appraisal and other services, because of his participation in the improper sale of the trees and his overall personal interest in defendants' side of the case. Although the partners should share the expenses of the accounting, plaintiff should not be required to subsidize his opponents' advocate.

■ Defendants' final assignment attacks the court's acceptance of the appraisal of plaintiff's expert, Tompkins, of the value of the trees rather than that of Lindsay, defendants' expert. The difference between the appraisals is that Tompkins assessed the trees at their value as of the time of the appraisal, while Lindsay estimated their value at harvest and then calculated the present value of that amount. Although the gross dollar difference between the appraisals is substantial, the difference in approach appears to account for almost all of it. The trial court was dividing partnership property at a particular time; the best measure of the value of that property was what it would bring at the time of the division. Because the trees were several years from harvest, there were so many uncertainties that the court could find that an appraisal of their value at harvest was excessively speculative. We agree with the trial court's decision. We turn to the cross-appeal.

■■ In the final accounting, the trial court allowed both parties' claims for labor and management work performed after the dissolution. That was error. Under the partnership agreement, defendants' labor was the consideration for their one-third interest, and plaintiff's management was the consideration for his one-third interest. After the dissolution, the

---

[3] Defendants' argument that the transaction with Lindsay was a loan rather than a sale is absurd, as is their attempt to equate it with plaintiff's sale of partnership seedlings. Plaintiff consulted with defendants before selling the seedlings and placed the proceeds in an interest-bearing account in the partnership name, while defendants hid the sale of the trees from plaintiff for over a year and used the money for their own purposes.

partnership did not terminate but continued until it was wound up, which did not occur in this case until the entry of judgment. ORS 68.520. Defendants were obligated to continue performing the necessary labor, and they are not entitled to a credit for any work, either hired or performed personally. They engaged in management work only because they refused to let plaintiff perform it; they therefore may not charge plaintiff for work which he was ready and able to perform. For similar reasons, plaintiff may not charge for his management time. However, he may charge for his labor because of defendants' partial refusal to perform; he is entitled to damages for that breach of the agreement. The court on remand must adjust the accounting and the money judgment for plaintiff appropriately.[4]

■     The trial court rejected all of plaintiff's claims for damages for missing trees, lost sales and wasted trees, because it was unable to find that plaintiff had established his claims by a preponderance of the evidence. We agree with the trial court as to the lost sales and wasted trees. The evidence in those regards is too speculative and to a significant degree simply reflects disagreements in cultivation practices. However, plaintiff proved that there were trees missing, for which defendants did not account and which they presumably sold, from two fields located on defendants' land. After the 1982 harvest, plaintiff counted stumps on those two fields, subtracted the trees for which defendants had accounted or whose absence plaintiff could otherwise explain and came up with a total of 2,450 missing trees. Defendants did not adequately rebut plaintiff's figures. Defendants must account to plaintiff for the value of those trees. Plaintiff placed that value at $16,098.94, and his proportionate share at $10,118.52. We find those figures to be correct, and the court must revise the final accounting to reflect them.

■     Plaintiff assigns as error both the amount which the court allowed for expert witness fees and its requirement that each partner pay half of those costs. He insists that defendants should pay them all. Although the witnesses gave

---

[4] In his third assignment of error, plaintiff also appears to attack the court's crediting defendants with *any* expenses incurred after the dissolution. However, his argument in support of this assignment does not clearly attack any of defendants' expenses other than those for labor or management.

testimony of varying importance to the ultimate outcome, they were all experts whose evidence could potentially have assisted the court. The court adequately accounted for Lindsay's personal involvement by reducing his requested fee by more than half. The fees were properly chargeable to the partnership as an expense of the winding up. We will not disturb the trial court's determination.

■ We find that the trial court erred, however, in providing that any trees growing on defendants' land which it allocated to plaintiff would revert to defendants if plaintiff did not sell those planted in 1977 by the end of 1986 and did not sell those planted in 1978 by the end of 1987. The practice in the trade is to give a 10-year lease with a two-year option. In addition, plaintiff had to take drastic steps to overcome problems with the trees which developed during the litigation, in large part because of defendants' mismanagment. As a result of those steps, many trees may not be ready for market within the normal 10-year period. We modify the judgment to give plaintiff an option until the end of 1988 or 1989, respectively, to harvest the trees; any trees remaining after that time will revert to defendants. Plaintiff must pay yearly rent of $35 per acre if he chooses to exercise the option.

■ Plaintiff also seeks compensatory and punitive damages resulting from what he describes as defendants' wrongful dissolution of the partnership. The desired damages are for defendants' failure to perform labor as the agreement required, for lost profits from defendants' mismanagement during the time when they excluded plaintiff from managing the plantations on their land and for plaintiff's attorney fees incurred in asserting his right to manage. We have awarded plaintiff the labor costs in the partnership accounting; no further award is necessary. Although defendants did mismanage the plantation after excluding plaintiff, and although the exclusion was a violation of the partnership agreement, the record does not show the amount of any resulting loss to the partnership with sufficient precision to support an award of damages. Plaintiff does not cite any authority, and we are aware of none, which would justify an award of attorney fees. Finally, we agree with plaintiff that many of defendants' actions were improper. However, in the light of all of the evidence, we decline, as factfinders on *de novo* review, to award punitive damages.

Affirmed on appeal; reversed and remanded for further proceedings on cross-appeal.